[S. F. No. 15047. In Bank.—November 28, 1933.]

In the Matter of the Application of GLENN BYERS for the Establishment of the "Peninsula News", as a Newspaper of General Circulation.

J. W. Coleberd for Appellant.

John A. McGilvray, as *Amicus Curiae* on Behalf of Appellant.

Kirkbride, Wilson & Brooks and John D. Willard for Respondents.

CURTIS, J.—By a decree of the Superior Court of the County of San Mateo, of date December 30, 1915, the "Peninsula News" was adjudicated to be a newspaper of general circulation, printed and published in the city of San Bruno, in said county of San Mateo. Subsequent thereto, but prior to the institution of the present proceeding, said newspaper was consolidated with the "San Bruno Herald," and after said consolidation said newspaper continued to be published under the name of the "San Bruno Herald and Peninsula News," at said city of San Bruno, up to the fourteenth day of December, 1931, and thereafter. On December 14, 1931, the petitioner herein, E. E. Bramble, filed in said superior court his petition to have the order of December 30, 1915, adjudicating said newspaper to be a newspaper of general circulation, vacated and set aside, on the ground that for more than one year immediately prior to the filing of said petition the mechanical work of producing said newspaper, that is to say, the work of typesetting and impressing types on paper in the production of

said newspaper, had not been done in the city of San Bruno. The proprietors of said newspaper appeared in said proceeding, and answered said petition, but made no denial that the mechanical work of producing said newspaper had not been done in said city of San Bruno. The denials contained in said answer related to immaterial matters, and it is not necessary to further refer to them.

The trial court made findings in accordance with the admitted allegations of the petition that for more than one year prior to the institution of said proceedings the mechanical work of producing said newspaper had not been done in the city of San Bruno. Upon these findings, judgment was rendered that petitioner was not entitled to a decree vacating or setting aside said decree of December 30, 1915, establishing said "Peninsula News" as a newspaper of general circulation and that the defendants recover their costs from petitioner. From this judgment the petitioner has appealed.

The statutory law of this state defining a newspaper of general circulation and providing the procedure necessary to be followed in order to have it judicially determined that a newspaper has such a standing is now contained in sections 4458 to 4465, inclusive, of the Political Code. The last three of said sections were added as new sections of the code in 1923.

At the date of the decree establishing the "Peninsula News" as a newspaper of general circulation, it was provided by the code sections then in force that, in addition to publishing the local and telegraphic news and having a *bona fide* subscription list of paying members, said newspaper shall have been established, printed and published at regular intervals in the state, county or other municipality where it is issued and circulated for a period of one year prior to the time of the filing of a petition to have such newspaper adjudged to be a newspaper of general circulation.

In the case of *In re McDonald*, 187 Cal. 158 [201 Pac. 110], the requirements that a newspaper shall be established, printed and published in a certain definite locality for the period of one year came before this court for construction, and it was held there that a newspaper was printed and published in a city or locality if it was issued and circulated

there, although the mechanical work of producing the paper was done entirely in some other city or locality.

After this decision, and in 1923, three new sections, 4463, 4464 and 4465 of the Political Code, were enacted. Section 4463 provided that the word "printed", as used in section 4460 defining a newspaper of general circulation, shall mean and be construed to mean that the mechanical work of producing a newspaper of general circulation shall be performed at the place of its issue and circulation. Undoubtedly, this new section, 4463, was enacted to overcome the construction given to section 4460 by the court in the McDonald case.

Appellant now contends that while the "Peninsula News" complied with the law in every respect at the date of the decree of December 30, 1915, establishing it as a newspaper of general circulation, its successor, the "San Bruno Herald and Peninsula News," does not now, nor did it at the inception of these proceedings, meet the requirements of the law as amended by the enactment of section 4463 in 1923 and, therefore, it has lost its standing as a newspaper of general circulation, and the trial court should have vacated and set aside the judgment of December 30, 1915, whereby it was established as such a newspaper.

There might be considerable force in appellant's argument had not the legislature in the same act in which it enacted section 4463 also enacted section 4465, which provides that "Nothing in this title shall be construed to alter the standing of any newspaper which, prior to the passage of this act, was an established newspaper of general circulation, irrespective of whether it has been printed in the place where it is published for a period of one year as required by section four thousand four hundred and sixty." The intent and purpose of the legislature in the enactment of said section 4465 is, in our opinion, perfectly clear. By express pronouncement it is provided that nothing therein should be construed to alter the standing of any newspaper which at that date was an established newspaper of general circulation, even though it had not been printed in the place where it was published for a period of one year as required by section 4460. As we have seen, by section 4463 the term "printed," as used in section 4460, shall be construed to mean the mechanical work of producing a newspaper such

as typesetting and impressing types on paper. Accordingly, by the terms of section 4465, newspapers of general circulation established as such at the date of the enactment of section 4463 were not in any manner affected by the provisions of said section even though they failed to meet the requirements of such legislation. In other words, it was the clear intent and purpose of the legislature not to make the statute retroactive, but to confine its application to such newspapers as were not, at that date, newspapers of general circulation.

The further contention is made that such a construction of these sections of the Political Code renders the same unconstitutional and void for the reason that it is an attempt to classify the newspapers in the state into two classes, those established before the legislation of 1923, which are free from the requirements of such legislation, and those established at a later date, which are forced to comply with such requirements. This same contention in principle has been before this court on frequent occasions, one of the most recent of which was in the case of *Jones* v. *City of Los Angeles*, 211 Cal. 304 [295 Pac. 14]. We there held that an ordinance excluding hospitals and sanitariums for the treatment of mental and nervous diseases from certain districts in said city was valid in so far as it purported to prohibit the establishment of such institutions within said district in the future, but that it was void when applied to an existing business of the same character in said district. Such a classification, if we may properly use that term, may not be said to be an unreasonable application of the police power. Upon the same principle, it cannot be said in the present action that it is unreasonable to exact certain requirements of a newspaper to be established in the future which are not required of those long established and which have proved their right to exist by a full compliance with all the laws in force at the time of their establishment.

Equally without merit is the contention of appellant that section 4465 of the Political Code is unconstitutional for the reason that the title of the act makes no reference to this section of the code. The title of the act is as follows: "An Act to add two new sections to the Political Code to be numbered four thousand four hundred and sixty-three and four thousand four hundred and sixty-four, relat-

ing to newspapers of general circulation." It is true that only sections 4463 and 4464 are expressly mentioned in the title of the act, and no mention is made therein of section 4465. But the subject of the legislation relates to newspapers of general circulation and this subject is expressed in the title of the statute. The title would have been sufficient had it simply recited that it was an act to add new sections to the Political Code relating to newspapers of general circulation. We fail to see how anybody could have been misled by the recital in the statute, that only two new sections, instead of three, were to be added, so long as the title made reference to the subject matter of the legislation. Upon this subject this court has held that, "all that is required to be contained therein in order to meet the constitutional requirements is a reasonably intelligent reference to the subject to which the legislation is to be addressed". (*O. T. Johnson Corp.* v. *City of Los Angeles,* 198 Cal. 308, 323 [245 Pac. 164]; *Estate of Phillips,* 203 Cal. 106, 115 [263 Pac. 1017].)

We are satisfied that the trial court correctly applied the law applicable to the facts in this case, and that its judgment should be affirmed. It is so ordered.

Preston, J., Thompson, J., Shenk, J., Langdon, J., Waste, C. J., and Seawell, J., concurred.

Rehearing denied.

Preston, J., dissented.